Green, Judge,
delivered the opinion, of the court:
On the original submission of this case the court was of the opinion that it would not come within the jurisdiction of this court as provided by law, but a further consideration has led the court to- the conclusion that the plaintiff has a claim upon which suit may be brought in this court.
The case is a peculiar one. No further or additional relief than that granted in the original judgment is asked. Indeed, it would seem that any judgment entered by this court would not provide the same remedies in the way of enforcement or continue the running of interest after the new judgment had been entered. That portion of the statutes conferring jurisdiction upon this court which is material to the determination of this case provides that—
“ The Court of Claims shall have jurisdiction to hear and determine the following matters:
“ First. All claims * * * founded upon * * * any laiv of Congress, * * * upon any contract, express or implied, with the Government of the United States, * * * in respect of which claims the party would be entitled to redress against the United States either in a court of law, equity, or admiralty if the United States were suable.” (Judicial Code, sec. 145.)
and the plaintiff must bring himself within these provisions in order to give the court jurisdiction.
The plaintiff in this case recovered judgment, on January 5, 1921, against the United States in the United States District Court for the Eastern District of New York for the value of property appropriated by the United States under what is commonly known as the Lever Act.
This judgment was reviewed by the United States Circuit Court of Appeals, and its judgment in turn was reviewed by the United States Supreme Court with the result that the judgments of the lower courts were affirmed and a final judgment entered in the said district court in favor of the plaintiff for $2,439,495.41, with interest thereon from January 5, 1921, at 6 per cent per annum. A transcript of the judgment having been duly presented in the manner required by law, the Comptroller General issued a notice of settlement in favor of the plaintiff for the net sum of *441 $2,649,404.45, which was paid to the plaintiff by Treasury check dated May 24, 1924. An examination oí this notice showsi that the Comptroller General, in calculating the amount due, allowed 6 per cent interest on the principal sum of $2,439,495.47 from January 5,1921, to April 16, 1923, 4 per cent interest from April 16, 1923, to April 2, 1924, date of the appropriation, and from and after April 2, 1924, no interest. The plaintiff brings this suit to recover the balance of interest unpaid in accordance with the final judgment upon his claim.
The courts of several of the States have held in substance that an action may not be maintained upon a judgment where the new judgment would give no other or further relief than that provided by the original judgment, but the rule in most States is otherwise. The precise question involved in the case does not seem to have been directly decided by the Supreme Court or by lower Federal courts, but upon consideration of the former decisions of this court and of the Supreme Court when any of such cases were reviewed, it would seem that by inference at least the jurisdiction of this court over the case at bar can be sustained, although the facts in none of these cases were exactly similar to those in the case now before this court.
The first case ever considered by this court was that of Brown v. United States, 6 C. Cls. 171. This case was brought upon a judgment originally rendered in the Court of Claims under the abandoned or captured property act, by which it was adjudged that the plaintiff was entitled to a certain fund held by the Government, amounting to $9,904.44. The Secretary of the Treasury withheld and refused to pay over to the plaintiff part of this fund and suit was brought to recover the balance unpaid. In a very long and elaborate opinion the majority of the court held that the action was within its jurisdiction and might be maintained. Two dissenting opinions were filed.
The next case considered by this court was that of O'Grady v. United States, 8 C. Cls. 451. This was another case based on a judgment rendered in favor of the plaintiff under the abandoned or captured property act in the Court of Claims, *442 but the Secretary of the Treasury refused to pay the same without making a certain deduction. This deduction was submitted to under protest and an agreement made that the rights of the parties were reserved subject to the decision of the Supreme Court. The suit was brought to recover the unpaid balance of the judgment. It was held that the Secretary of the Treasury had no right to- make the deduction and judgment was rendered in favor of the plaintiff for the unpaid balance. Upon an appeal to the Supreme Court the decision was affirmed in United States v. O’Grady, 22 Wall. 641, no question being raised as to the jurisdiction of this court in the suit brought upon the judgment.
In BoNnafon’s and Norton’s Cases, 14 C. Cls. 484, it appeared that the Secretary of the Treasury had again refused to pay in full judgments rendered by this court, and in each case, suit being brought on the original judgment, this court said:
“ It has been determined by this court and by the Supreme Court that actions on such judgments may be maintained.”
Judgment was accordingly entered in favor of Norton for the unpaid balance on the judgment first rendered by this court. In Bownafon’s case the court found that he had accepted the amount paid by the Secretary of the Treasury in full for the settlement of his judgment. No appeal was taken in these cases.
In United States v. Weld, 121 U. S. 51, it appeared that suit had been brought in this court to recover the unsatisfied portion of a judgment recovered in the Court of Commissioners of Alabama Claims, which, it was alleged, had been illegally withheld by the Secretary of the Treasury and the accounting officers of the department. Judgment was rendered in this court for the unsatisfied balance of the prior judgment and on appeal to the Supreme Court the decision of the Court of Claims was affirmed.
In the case last cited the jurisdiction of the Court of Claims was attacked, but on a different ground from any which arises in this case. It was said that the action was one growing out of and dependent upon a treaty, and that therefore this court had no jurisdiction thereof under the *443 provisions of section 1086, Revised Statutes. This contention was overruled, and in passing upon this point the Supreme Court said:
“ The claimant in this case does not seek to recover upon any supposed obligation created by the treaty of Washington, but upon the specific appropriation made in the act of June 2, 1886. It is under this act that a means of satisfaction of this claim was provided. The claim may, therefore, be said to be ‘ founded upon a law of Congress ’ within the meaning of section 1059, Revised Statutes, and therefore clearly one of which the Court of Claims could take jurisdiction.”
The principle set out in this statement of the Supreme Court runs through all of the cases cited. In none of them except Bonnafon's and Norton's oases, in which no appeal was taken, does it definitely appear from the opinion rendered whether the original judgment upon which suit was brought was entered directly against the United States, but in all of them the record shows that the claim for relief was “ founded upon a law of Congress,” and that the defendant, the United States, had in its possession in the hands of the Secretary of the Treasury a fund which by law had been set aside for its payment.
In the case at bar, in addition to the facts stated in the stipulation, the court will take judicial notice that a specific appropriation was made by the act approved April 2, 1924 (Public No. 66, 68th Cong.), to pay the judgment upon which suit is brought, and certain other judgments, “ together with such additional sums as may be necessary to pay interest thereon at the legal rate per annum as and where specified in said judgments.”
It thus appears that there was a special fund set aside by Congress for the payment of this judgment, together with interest according to its terms. This appropriation was pleaded in plaintiff’s petition. In the language of United States v. Weld, supra, “ the claim may, therefore, be said to be ‘ founded upon a law of Congress,’ ” and we conclude that the action now before this court may be maintained.
In so holding we do not overlook the point made on behalf of the Government that this court did not have jurisdiction of the original cause of action, which resulted in the judg *444 ment upon which this case is based. A similar argument was made in the case of United States v. Weld, supra. In that case suit was brought on a judgment rendered by another tribunal in a cause over which this court had no jurisdiction. The decision therein is sufficient authority for overruling the contention of the defendant on this point.
It is contended on behalf of the defendant that interest does not run against the Government except in those cases specifically excepted by statute or express stipulation, and, in support of this contention, the case of Angarica v. Bayard, 127 U. S. 251, is cited. But if the plaintiff is found entitled to recover in this case interest up to the time when judgment is rendered herein, this court is not awarding interest to the plaintiff. That was done by the Federal courts which entered judgment in his favor with interest from a date specified. This total amount, which must be computed by including interest up to the date of the judgment, is the claim of the plaintiff, but we are precluded by statute from providing that the judgment which we enter shall draw interest, or, in other words, allowing the plaintiff interest upon his claim.
Nor can we consider whether plaintiff, on the merits of the case, was entitled to the interest which the Federal courts awarded him. This matter is res adjudicata and neither the Comptroller General nor this court has any authority to review the decision. We think the case of Angarica v. Bayard, supra, is not applicable. There the plaintiff was asking for interest upon his claim against the Government. Here the plaintiff’s claim includes interest to which another court has adjudged he is entitled. In the Angarica case a duly authorized commission made an award in favor of the plaintiff and against the Spanish Government for a certain sum with interest until paid, the payment to be made to the United States for the use of the plaintiff. The Spanish Government paid the amount of the award with interest as therein provided to our Government to be turned over to the plaintiff. This amount, the Supreme Court held, was the claim of the plaintiff against the United States, and it refused to allow interest thereon. In the Angarrica .case, the judgment providing for the interest was rendered against *445 Spain; in tlie case at bar, the judgment providing for the interest was rendered against the United States.
The defendant also urges that the plaintiff is estopped to maintain this action by reason of a notice that was attached to the statement of settlement made by the Comptroller General and which statement and notice accompanied the check which was subsequently cashed by the plaintiff. This notice or “note,” as it was marked, was to the effect that if the plaintiff desired a review of the settlement “ he should not accept payment of the amount allowed as to such item ” and that the check inclosed “ should not be cashed if its amount includes any item as to which review is applied for.”
It is questionable whether the check cashed included “ any item as to which review is applied for,” but conceding for the sake of the argument that it did, it should be observed that simultaneously with receiving the notice of settlement of claim with the “ note ” attached, together with the check which was subsequently cashed, the plaintiff sent a letter to the Comptroller General in which he renewed his claim for the full amount of the judgment, and stated in substance that he regarded the warrant as a payment on account of the judgment, and that in cashing the .warrant he took the sum in payment on account of the judgment and not as payment in full thereof, and that he reserved all his rights to claim the remaining amount of interest clue under the judgment.
Under these circumstances, we do not think the plaintiff was estopped to demand and receive the unpaid portion of the judgment. Plaintiff was obliged to accept the warrant and cash it, otherwise he would get nothing on his judgment. It seems to us that it would be inequitable to permit a judgment debtor to claim that the judgment creditor, was es-topped because he had received and cashed a check for part of the judgment, when the debtor at the time of the payment had told the creditor in effect that if he did not accept the check in full he would get nothing. But the plaintiff’s defense to this claim goes further: At the time of receiving the check he notified the defendant that he did not receive it in full payment of his claim on the judgment. We think the elements of estoppel are lacking and that the cashing of *446 the check, under the circumstances, is not a bar to plaintiff’s maintaining this action. It follows that the plaintiff is entitled to recover, but some questions arise as to the amount of his recovery.
The petition recites that the plaintiff has assigned $162,240 of his judgment with interest thereon from April 6, 1918, to the city of New York, and the stipulation shows that both plaintiff and defendant in arriving at the amount due have undertaken to make appropriate deduction on account of this assignment in determining the amount due the plaintiff. The stipulation also recites that if plaintiff is entitled to recover interest at the rate of 6 per cent per annum from January 5, 1921, to May 21, 1924, on the principal sum of $2,439,495.41, “the amowvb to he due is $62,142.34.” The date, May 21, 1924, is evidently used through mutual mistake by the parties to the action instead of May 24, 1924, which is the date when the check was issued and received from the comptroller. For reasons hereinafter stated, it is not material which date is used. A more serious question arises by reason of the failure of the stipulation to state definitely when this amount was due, but we think the statement quoted from the stipulation means that the amount last mentioned was due at the end of the period for which computation was made of the interest as stated in the stipulation. As we find that there was at least $62,142.34 due whichever date is used, the error, if there be one, is immaterial. Upon the sum thus agreed to, we think the plaintiff is entitled to interest at 6 per cent from May 24, 1924, up to the time judgment is entered herein, as provided in the original judgment upon which suit is brought.
The petition asks judgment for $63,770.78, with interest from the 24th day of May, 1924, but we think we are precluded by the stipulation from entering judgment for anything more than for the amount provided therein with interest. It is therefore ordered that judgment be entered in favor, of the plaintiff for $62,142.34, with interest at 6 per cent per annum from May 24, 1924, to the date of judgment.
SiNnott, Judge; Moss, Judge; Graham, Judge; and Booth, OMef Justice, concur.