Green, Judge,
delivered the opinion:
Plaintiff brings this suit upon a judgment previously awarded by this court upon a contract between it and defendant. The defendant sets up a counterclaim based upon *129 wbat it alleges to be overpayments to tbe plaintiff on other contracts, and the issue between plaintiff and defendant is whether under the terms of these contracts defendant may now be permitted to maintain an action on the items of its counterclaim.
The contracts upon which the overpayments were alleged to have been made were what are commonly called “ cost-plus contracts,” and contained a provision as follows:
“ Cost of the work. — The contractor shall be reimbursed in the manner hereinafter described for such of its actual net expenditures in the performance of said work as may be approved or ratified by the contracting officer * *
Counsel for defendant contend that under the contract the contractor was not to be reimbursed for such expenditures as were approved or ratified by the contracting officer, but only for “ actual net expenditures ” provided for or contemplated by the contract; that consequently the approval •of the contracting officer was not conclusive; and that if it has shown that any of the items of its counterclaim were not such “ actual net expenditures in the performance of said work,” defendant may recover thereon.
The findings show that for all of the items in controversy, the sums received by the plaintiff were evidenced by vouchers showing that plaintiff incurred the expenses represented thereby with the approval of the constructing quartermaster or his authorized representative, and that with each voucher were receipts from payees evidencing payment thereof by plaintiff, and that each voucher covering reimbursement to the plaintiff of expenditures so made bears the approval of the contracting officer or his representative, all in accordance with the provisions of the contract. If the decision of the contracting officer as shown by his approval or ratification was not final, his act in so doing was merely an idle gesture, for the contention of defendant is that notwithstanding such approval it can raise any objection to these items that it sees fit. We do not think the contract can properly be so construed. In fact to so construe it would have the effect to strike from the contract the words “ as may be approved or ratified by the contracting officer,” for *130 they become absolutely useless. We think that under well settled rules with reference to the construction of contracts we are required to give these words some meaning if it can consistently be done. The actions of the parties (the contractor and the officials representing the Government in the matter of the contract and its performance) show very plainly that both parties considered that, subject to other provisions in the contract having no bearing on this particular case, the decision made by the contracting officer was final, and such would be the ordinary meaning given to the provision under consideration. It should also be noted in this connection that there is neither allegation nor proof of fraud, bad faith, or palpable disregard of the rights of either party by the contracting officer. So far as it appears from the evidence, he exercised the authority given him with an honest purpose to carry out the intention of the parties to the contract and his action was an exercise of the power conferred upon him by that instrument. He discharged that duty by the mutual assent of both parties. The terms by which the power was conferred and the duty imposed are clear and precise and they are susceptible of no other interpretation than that the action of the contracting officer in the matter of expenditures was intended to be conclusive, in the absence of fraud, such gross mistake as would necessarily imply bad faith, or a failure to. exercise an honest judgment. Under such circumstances, the action of the constructing quartermaster, as representative of the contracting officer, was conclusive. Kihlberg v. United States, 97 U. S. 398.
The Supreme Court in United States v. Mason & Hanger Co., 260 U. S. 323, 326, affirming the decision of this court made upon a similar provision in a similar case, said with reference to the decisions of the contracting officer and settlements and payments made in consequence thereof:
“ Over the effect of these the Comptroller of the Treasury has no power. They were the acts and duty of the officer-in charge, in the expression of which there was no ambiguity, and were, therefore, conclusive in effect.”
True, the findings in that case do not show that the words on which defendant relies in the case at bar were included *131 in the contract, but for the reasons stated above we think that the decision of the contracting officer in approving or ratifying the expenditures made in carrying out the contract was a determination of the validity thereof in all respects as well as a decision that the items so approved were “ actual net expenditures in the performance of said work,” and hold that defendant can not recover on its counterclaim.
The plaintiff claims to be entitled to interest on its judgment, and we think that the act of March 3, 1875, 31 U. S. C. A. sec. 227, applies and the plaintiff is entitled to the interest claimed unless precluded by section 615 of the revenue act of 1928. The act of March 3, 1875, above referred to, provided in substance that when any final judgment or approved claim against the United States is presented for payment and payment is withheld because of an asserted counterclaim or set-off, suit shall be instituted, and if the set-off asserted is not sustained, then interest shall be allowed on the judgment or claim, payment of which was thus wrongfully withheld or deferred. This provision has been held applicable in similar cases in other courts. See United States v. La Grange Grocery Co., 31 Fed. (2d) 297, and United States v. New York, C. & St. L. R. Co., 32 Fed. (2d) 887, in the reasoning of which we concur. But section 615 of the 1928 act amending section 177 (a) of the Judicial Code, provides:
“ Sec. 177. (a) No interest shall be allowed on any claim up to the time of the rendition of judgment by the Court of Claims, unless upon a contract expressly stipulating for the payment of interest, except as provided in subdivision (b),”
and if this provision applies to cases such as the one at bar, no interest can be recovered by plaintiff herein. We do not think, however, that it was intended to apply to such cases. The words “ no interest shall be allowed on any claim up to the time of the rendition of judgment by the Court of Claims,” we think were intended to apply to suits on the original claim. There has already been a “ rendition of judgment by the Court of Claims,” and while this judgment is in one sense a claim, we think it is not such a claim as is referred to in the provision of the statute cited. We *132 therefore hold that the plaintiff is entitled to interest upon its judgment from June 18, 1924, when it was allowed by the General Accounting Office, an appropriation having theretofore been made for its payment. Judgment will accordingly be rendered for the amount of the judgment with interest from said date.
Williams, Judge; Littleton, Judge; and Booth, Chief Justice, concur.
Wi-ialex, Judge, did not hear this case and took no part in the decision thereof.