## HELVETIA MILK CONDENSING CO., Inc., v. UNITED STATES.

### No. L–353.

Court of Claims.

May 29, 1933.

G. Mason Owlett, of Wellsboro, Pa. (Crichton & Owlett, of Wellsboro, Pa., on the brief), for plaintiff.

P. M. Cox and W. W. Scott, both of Washington, D. C., for the United States.

Before GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

The amount of $8,608.97 sought to be recovered in this case with interest represents overpayments of taxes and interest duly allowed in part by a judgment of the District Court for the Eastern District of Missouri and in part by the Commissioner of Internal Revenue as to which there is no controversy. These allowed overpayments were withheld by the Comptroller General and applied against an alleged indebtedness of plaintiff to the United States arising from an alleged overpayment to plaintiff of excess profits for evaporated and condensed milk sold and delivered by plaintiff to the government under contract.

In a case brought by this company in this court it was decided in 56 F.(2d) 676, 74 Ct. Cl. 142, that the plaintiff was not indebted to the government for any amount on account of payments made for condensed milk, and the defendant's counterclaim was denied. This case was instituted subsequent to that decision, and no counterclaim is imposed herein. Plaintiff is therefore entitled to judgment for $8,608.97, with interest at 6 per cent. per annum under the Act of March 3, 1875, as amended by section 13 of the Treasury-Post Office Appropriation Act approved March 3, 1933 (31 USCA § 227), on $4,211.71, the amount of the judgment of the District Court, from June 13, 1927, until paid, on $3,895.98 from September 23, 1927, and on $501.28 from July 24, 1928, to March 3, 1933, the date on which the act of 1875 was amended by the act of March 3, 1933. See Ernest C. Whitbeck, Receiver of L-W-F Engineering Co., Inc., v. United States, No. F-322, decided by this court April 10, 1933. It is so ordered.

BOOTH, Chief Justice, did not hear this case on account of illness, and took no part in its decision.