## ALUMINUM CO. OF AMERICA v. UNITED STATES.
### No. L.–125.

Court of Claims.

Jan. 8, 1940.

John G. Buchanan, of Pittsburgh, Pa. (Miller & Chevalier, of Los Angeles, Cal., and Smith, Buchanan, Scott & Ingersoll, of Pittsburgh, Pa., on the briefs), for plaintiff.

John W. Hussey, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, Sp. Assts. to Atty. Gen., on the briefs), for defendant.

Before WHALEY, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHITAKER, Judges.

WILLIAMS, Judge.

Plaintiff seeks to recover (1) $555,102.53, a portion of an overpayment of taxes for 1918 allowed by the Commissioner of Internal Revenue, and evidenced by a certificate of overassessment; and (2) $755.-84, consisting of other miscellaneous amounts of tax overpayments allowed by the Commissioner, and likewise evidenced by certificates of overassessments.

■ Refund of these overpayments has not been made for the reason that the Comptroller General has withheld the total amount thereof for offset against an alleged indebtedness due the United States from plaintiff. This alleged indebtedness is the subject of a counterclaim pleaded against plaintiff in this suit in the sum of $1,540,473.57, with interest thereon, until paid. The same alleged indebtedness was likewise pleaded by the defendant as a counterclaim in suits Nos. J–683 and 42643, 30 F.Supp. 676, brought by plaintiff in this court. The parties have stipulated that the decision of the court in respect to the counterclaim in No. J–683 will be binding upon them in this case. Suit No. J–683 (Aluminum Company of America v. United States, 87 Ct.Cl. 96) has been decided by the court since the submission of this case. The counterclaim was rejected to the extent of $942,277.14, and judgment awarded plaintiff in the sum of $334,103.90. The counterclaim in No. J–683 having thus been decided adversely to the defendant, it follows that such claim in this suit must be dismissed.

With the counterclaim eliminated from the case the only controversy between the parties relates to the question as to how interest on the overpayments wrongfully withheld by the Comptroller General shall be computed. The plaintiff contends that interest should be computed under section 177(b) of the Judicial Code, 28 U.S.C.A. § 284(b), while the defendant contends that it should be computed under the act of March 3, 1875, as amended, 31 U.S.C.A. § 227.

■ Section 177(b) of the Judicial Code, as amended by the Revenue Act of 1936, reads:

"(b) In any judgment of any court rendered (whether against the United States, a collector or deputy collector of internal revenue, a former collector or deputy collector, or the personal representative in case of death) for any overpayment in respect of any internal-revenue tax, interest shall be allowed at the rate of 6 per centum per annum upon the amount of the overpayment, from the date of the payment or collection thereof to a date preceding the date of the refund check by not more than thirty days, such date to be determined by the Commissioner of Internal Revenue. The Commissioner is hereby authorized to tender by check payment of any such judgment, with interest as herein provided, at any time after such judgment becomes final, whether or not a claim for such payment has been duly filed, and such tender shall stop the running of interest, whether or not such refund check is accepted by the judgment creditor."

The fact that the Comptroller General wrongfully withheld payment of the refunds does not change the essential character of plaintiff's demand. It is a suit for the recovery of overpayments in respect of an internal-revenue tax and the judgment of the court will be for overpayments in respect to an internal-revenue tax.

In Bonwit Teller & Co. v. United States, 52 F.2d 904, 905, 72 Ct.Cl. 559, the taxpayer recovered an overpayment in respect of an internal-revenue tax as upon an account stated. In awarding interest on the overpayment in accordance with the provisions of section 177(b) of the Judicial Code, as amended, the court said:

"The position of counsel for the defendant is that this cause of action cannot be regarded as a tax case, but is one upon a contract, and in such case interest is denied by the Judicial Code, and that it matters not that the payment originally made to the defendant by the plaintiff was the payment of a tax. * * *

"In our opinion, plaintiff is entitled to judgment for $9,846.06, together with interest at 6 per cent. per annum from December 13, 1919, to a date preceding the date of the Treasury check therefor by not more than thirty days, as provided in section 177(b) of the Judicial Code, as amended by section 615(a) of the Revenue Act of 1928, 45 Stat. 877 (28 U.S.C.A. § 284). The purpose of section 177(b) of the Judicial Code as amended is, where it is necessary for a taxpayer to bring suit, to give him interest upon amounts erroneously collected as a tax from the date of its payment to a date preceding the date of the check therefor by not more than thirty days, to be determined by the Commissioner of Internal Revenue. The fact that the Commissioner of Internal Revenue may allow a claim for refund and then refuse to pay the same does not take the case out of the provisions of section 177 of the Judicial Code merely because the provision requiring that suit be brought within two years after the disallowance of a claim does not apply, and the taxpayer is held entitled to recover upon an account stated. The intent and purpose of the interest provision of the statute is to allow interest upon amounts erroneously or illegally collected as a tax during the time the government withholds the same from the taxpayer, and the fact that the suit to recover a tax so erroneously or illegally collected is grounded upon a determination of the Commissioner evidencing an account stated does not deprive the taxpayer of the interest expressly given by the statute. The Supreme Court did not say that the interest provision of section 177(b) of the Judicial Code as amended did not apply, but only that the limitation clause requiring that suits be brought within two years after the disallowance of a claim for refund did not apply to a case where the Commissioner had determined that a tax had been erroneously collected and had allowed a claim for the refund thereof. The contention of the government that in any event the plaintiff is entitled to interest only to March 8, 1927, the date on which the Commissioner of Internal Revenue signed the first schedule of overassessments to the collector, is without merit. If this were a suit only for interest on a tax which the Commissioner had refunded, this contention would be correct. But here the Commissioner refused to refund the tax which had been erroneously and illegally collected, and also refused to pay any interest thereon. The government has withheld the tax erroneously collected, and, has deprived the plaintiff of the use thereof, and under section 177(b) of the Judicial Code, it cannot escape the payment of interest during the time the money was so wrongfully withheld."

The act of March 3, 1875, as amended, 47 Stat. 1516, reads:

"When any final judgment recovered against the United States duly allowed by legal authority shall be presented to the Comptroller General of the United States for payment, and the plaintiff therein shall be indebted to the United States in any manner, whether as principal or surety, it shall be the duty of the Comptroller General of the United States to withhold payment of an amount of such judgment equal to the debt thus due to the United States; and if such plaintiff assents to such set-off, and discharges his judgment or an amount thereof equal to said debt, the Comptroller General of the United States shall execute a discharge of the debt due from the plaintiff to the United States. But if such plaintiff denies his indebtedness to the United States, or refuses to consent to the set-off, then the Comptroller General of the United States shall withhold payment of such further amount of such judgment, as in his opinion will be sufficient to cover all legal charges and costs in prosecuting the debt of the United States to final judgment. And if such debt is not already in suit, it shall be the duty of the Comptroller General of the United States to cause legal proceedings to be immediately commenced to enforce the same, and to cause the same to be prosecuted to final judgment with all reasonable dispatch. And if in such action judgment shall be rendered against the United States, or the amount recovered for debt and costs shall be less than the amount so withheld as before provided, the balance shall then be paid over to such plaintiff by such Comptroller General of the United States with 6 per centum interest thereon for the time it has been withheld from the plaintiff."

Plaintiff under this Act would be entitled to interest at 6 percent on the amount of the overpayment wrongfully withheld by the Comptroller General during the period of the withholding. As the Act has been construed, plaintiff's right to interest would run from May 21, 1924, the date of the withholding of the overpayment by the

Comptroller General, to March 3, 1933. If applied to this case, that act would deprive plaintiff of interest from the date of the overpayment of the taxes, December 15, 1919, to the date of the withholding, and also to interest subsequent to March 3, 1933, to a date preceding the date of the refund check by not more than 30 days, which plaintiff under the plain language of section 177(b) of the Judicial Code, as amended, would be entitled to receive.

The two Acts are not in conflict and wherever applicable must be construed as having concurrent effect. Interest allowable in this case under the express provisions of section 177(b) of the Judicial Code is greater than it would be under the act of March 3, 1875, as amended. The question presented for decision then is whether the provisions of the Judicial Code, as amended, are defeated by the fact that the Comptroller General wrongfully withheld payment of the determined overpayments. It is quite clear, we think, that they cannot be so defeated. The overpayments have not lost their status as an internal-revenue tax since they were allowed as a refund by the Commissioner of Internal Revenue on April 15, 1924, and under the authority of Bonwit Teller & Co. v. United States, supra, plaintiff is entitled to recover as a part of the judgment herein interest as provided in section 177 (b) of the Judicial Code, as amended.

The defendant bases its claim that interest on the overpayments withheld by the Comptroller General should be computed under the act of March 3 1875, as amended, on Helvetia Milk Condensing Co., Inc., v. United States, 3 F.Supp. 662, 77 Ct.Cl. 743, and Highland Milk Condensing Co. v. United States, 3 F.Supp. 664, 77 Ct.Cl. 745. In these cases the court allowed interest under the act of March 3, 1875, as amended, upon a tax overpayment improperly withheld, from the date of the withholding to March 3, 1933. The question as to whether the act of March 3, 1875, as amended, operated to the exclusion of section 177(b) of the Judicial Code in the computation of interest was not raised in these cases and was not considered or decided by the court. Had this question been raised we can have no doubt the court would have followed its decision in Bonwit Teller & Co. v. United States, supra, and would have held section 177(b) of the Judicial Code applicable. However that may be, the point being now specifically raised, we hold that plaintiff is entitled to interest on the amount of its overpayment computed in accordance with section 177(b) of the Judicial Code, as amended, rather than to interest computed under the provisions of the act of March 3, 1875, as amended.

 Plaintiff is entitled to recover the amount of its overpayment of taxes for the year 1918 amounting to $555,858.37, together with interest from the date of the overpayment, December 15, 1919, to a date preceding the date of the check therefor by not more than thirty days to be determined by the Commissioner of Internal Revenue in accordance with section 177(b) of the Judicial Code, as amended by the Revenue Act of 1936, giving due credit to the defendant for such interest as may have theretofore been paid or credited. Judgment is therefore awarded plaintiff in the sum of $555,858.37, with interest as provided by law. It is so ordered.