ERIE BASIN METAL PRODUCTS, Inc. v. UNITED STATES.

NATIONAL MACHINE WORKS, Inc. v. UNITED STATES.

INTERSTATE MACHINERY CO., Inc. v. UNITED STATES.

Nos. 50271–50273.

United States Court of Claims.

Oct. 7, 1952.

Eugene L. Stewart, Washington, D. C. (Donald O. Lincoln, Washington, D. C., on the brief), for plaintiffs.

S. R. Gamer, Washington, D. C., Holmes Balbridge, Asst. Atty. Gen. (Mary K. Fagan and Donald D. Webster, Baltimore, Md., on the brief), for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

WHITAKER, Judge. .

These cases are before us on plaintiffs' motions to strike defendant's special answers attacking the jurisdiction of this court to consider plaintiffs' petitions.

Plaintiffs seek to recover sums under the Contract Settlement Act of 1944, 58 Stat. 649, 41 U.S.C.A. § 101 et seq., alleged to be due on terminated war contracts. Plaintiff, Erie Basin Metal Products, Inc., sues as a prime contractor on three terminated war contracts. Plaintiff, National Machine Works, Inc., sues as a subcontractor of Erie Basin Metal Products, Inc., and of Batavia Metal Products, Inc., both of whose prime contracts were terminated by the Government. Plaintiff, Interstate Machinery Co., Inc., likewise sues as a subcontractor of Batavia Metal Products, Inc.

The petitions allege substantially the same grounds for recovery.

■ Defendant, in addition to its general answers to plaintiffs' petitions, files special answers in which it asserts that this court is without jurisdiction to entertain plaintiffs' petitions. Plaintiffs move to strike these special answers. Defendant replies that such a motion does not lie under the rules of this court. We think such a motion does lie, because defendant's answers and plaintiffs' motions to strike them are directed to the jurisdiction of the court. If we have not jurisdiction, then all subsequent proceedings are fruitless. For this reason this question should be decided now, however raised.

■ Defendant's first ground for its allegation that this court lacks jurisdiction is that section 18(a) of the Contract Settlement Act prohibits defendant's contracting agency from paying any amount to a contractor suspected of fraud until the Department of Justice notifies it that in its opinion no fraud had been committed. Defendant says that this provision of the Act deprives any court of jurisdiction to entertain plaintiffs' claims until the Department of Justice has given this notice.

This defense is without merit. Congress certainly did not intend to make the Department of Justice the arbiter of plaintiffs' rights, or to give it the right to hold up at its pleasure plaintiffs' assertion of their rights. Plaintiffs are suing the United States; the lawyers of the Department of Justice are the lawyers for the United States. Lawyers are not supposed to determine what is right between litigants; their role is to protect their client against injustice and to secure justice for him. Theirs is the role of the advocate; not that of the judge. Congress did not intend to give to the lawyers for the defendant the power to deny plaintiffs the right to sue; nor the power to postpone their right to do so.

■ Defendant further says that jurisdiction of its right to recover under the Contract Settlement Act from a contractor for attempted or accomplished fraud in connection with a contract settlement claim is conferred exclusively on the District Courts, and that these rights cannot be asserted in this court even in defense of plaintiffs' actions, and, hence, it says plaintiffs are compelled to wait until it has decided whether or not to assert claims against them and, if asserted, until it has prosecuted these claims to conclusion in the District Court.

This position is untenable. Where the United States is the moving party, it could go only into a District Court to recover the fraud penalties imposed by the Contract Settlement Act; but it does not follow that in an action initiated by a contractor against the United States, the Government cannot assert the rights given

it by this Act in a counterclaim in this court.

Section 1503 of 28 U.S.C. says: "The Court of Claims shall have jurisdiction to render judgment upon any set-off or demand by the United States against any plaintiff in such court." Under this section, defendant can assert in this court any right it has against the plaintiffs suing it here, which includes, of course, rights given it by the Contract Settlement Act; and this court, under section 1503 of 28 U.S.C., is empowered to render judgment thereon. Cherry Cotton Mills, Inc., v. United States, 327 U.S. 536, 539, 66 S.Ct. 729, 90 L.Ed. 835, affirming 59 F.Supp. 122, 103 Ct.Cl. 243; Hadden v. United States, Ct.Cl., 105 F.Supp. 1010; cf. Rule 17, Counterclaims, Rules of the U. S. Court of Claims 1951, 28 U.S.C. Congress, in the enactment of the Contract Settlement Act, did not intend to take away this right. Section 14 (c) of the Contract Settlement Act, 41 U.S.C.A. § 114(c), provides:

"The jurisdiction of the Court of Claims shall not be affected by this chapter except to the extent necessary to give effect to this chapter, * *."

The rights defendant thinks it may wish to assert against plaintiffs are set forth in section 19 of the Contract Settlement Act, as amended by the Act of June 25, 1948, 62 Stat. 862, 41 U.S.C.A. § 119. This section provides that the contractor shall (1) pay to the United States 25 per centum of any amount sought to be wrongfully secured but not actually obtained, (2) forfeit and refund any payment received as a result thereof, and (3) pay the United States $2,000 for each such act, and double the amount of damage which the United States may have sustained by reason thereof, together with the costs of suit. The section gives the several District Courts of the United States "full power and jurisdiction to hear, try, and determine such suit". But nothing in the language of this section, or in its legislative history (H. Rept. 1443, 78th Cong., 2d Sess., p. 26 (1944), H.Rept. 1708, 78th Cong., 2d Sess., p. 27 (1944), gives any indication that Congress intended to take away from defendant its right to assert such a claim in this court as a counterclaim to plaintiff's action.

The case of Frantz Equipment Co. v. United States, 105 F.Supp. 490, 122 Ct. Cl. 622, is similar to the case at bar. The United States filed in the District Court a suit to recover an amount allegedly due it by plaintiff as a result of renegotiation of its contracts. Later, plaintiff brought suit in this court for the amount due on the contracts before renegotiation. The defendant filed a counterclaim based on the renegotiation. Plaintiff moved to dismiss it because of the Government's suit pending in the District Court. We denied plaintiff's motion on the ground that the Government had the right to file the counterclaim under § 1503 of Title 28 U.S.C. (1948 Ed.).

Plaintiffs' motions are granted, and defendants' special answers attacking the jurisdiction of this court are stricken. This, of course, is without prejudice to the right of defendant to rely in this proceeding on its defense of fraud, and to assert here the remedies provided by section 19 of the Contract Settlement Act.

It is so ordered.

JONES, Chief Judge, and HOWELL, MADDEN, and LITTLETON, Judges, concur.