**EASTPORT STEAMSHIP COMPANY**

v.

**The UNITED STATES.**

**No. 399-54.**

United States Court of Claims.
April 5, 1955.

J. Franklin Fort, Washington, D. C., for plaintiff. Frank J. Zito, Washington, D. C., Robert V. Faragher, New York City, and Radner, Zito, Kominers & Fort, Washington, D. C., were on the brief.

H. H. Margolies, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant. Leavenworth Colby, Washington, D. C., was on the briefs.

Before JONES. Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

This case is before the court on defendant's motion to dismiss for lack of jurisdiction.

Plaintiff's petition alleges that it recovered a judgment in this court on June 8, 1954, for $54,097.16, but that the Comptroller General wrongfully offset against this judgment the sum of $31,-102.71, which sum he claims plaintiff owes the defendant under a bareboat charter. Plaintiff sues for the $31,102.-71 withheld.

There is no doubt about the jurisdiction of this court to entertain an action for the wrongful withholding of a judgment. See Benedict v. United States, 66 Ct.Cl. 437; Stewart & Co. v. United States, 71 Ct.Cl. 126; Helvetia Milk Condensing Co. v. United States, 3 F. Supp. 662, 77 Ct.Cl. 743, certiorari denied 290 U.S. 671, 54 S.Ct. 90, 78 L.Ed. 580.

The nature of plaintiff's claim upon which it recovered the judgment of $54,-097.16 is not stated.

Defendant says plaintiff's action is maritime and, therefore, only the District Court has jurisdiction of it. This

is incorrect. Plaintiff's action is for money wrongfully withheld. Its action is to collect the full amount of the judgment. To do this it must show that defendant has no claim against plaintiff for the money withheld; which is to say, that plaintiff is not liable to defendant on the bareboat charter.

But plaintiff is not suing on the bareboat charter. If it were, the admiralty court would have exclusive jurisdiction. But it is the defendant who is asserting a claim under that charter. It asserts it in quite an effective way, by withholding from plaintiff money otherwise due it. This makes it necessary for plaintiff, in order to get his money, to show it is not liable to defendant on the charter, and, hence, that the withholding is wrongful.

■ Since it is the defendant which asserts a liability under the charter, and not the plaintiff, jurisdiction under the Suits in Admiralty Act is not exclusively in the district courts. That Act relates alone to suits against the United States; it does not relate to a claim by the United States against another. Exclusive jurisdiction of such claims is not conferred on the district courts. Section 742 of Title 46, United States Code Annotated, on which defendant relies, is quoted in a note below.[1]

■ It is true that plaintiff is suing the United States, but it is not suing on the charter; it is suing because of the withholding of money due it on what we suppose was a nonmaritime cause of action. The interposition of a maritime claim by the United States to justify the withholding does not change the character of plaintiff's action; it is the nature of plaintiff's claim that determines the jurisdiction, not the character of the defendant's defense. Plaintiff's claim is for wrongfully withholding payment of the judgment. Aluminum Co. of America v. United States, 30 F.Supp. 686, 90 Ct.Cl. 173; Erie Basin Metal Products Co. v. United States, 107 F. Supp. 588, 123 Ct.Cl. 433.

■ Defendant next says plaintiff's suit is barred by section 227 of 31 U.S. C.A., quoted in a note below.[2] This position cannot be sustained.

This section authorizes the Comptroller General to withhold from a final judgment any amount which he thinks the

1. "In cases where if such vessel were privately owned or operated, or if such cargo were privately owned and possessed, a proceeding in admiralty could be maintained at the time of the commencement of the action herein provided for, a libel in personam may be brought *against the United States* or against any corporation mentioned in section 741 of this title, as the case may be, provided that such vessel is employed as a merchant vessel or is a tugboat operated by such corporation. * * * The libelant shall forthwith serve a copy of his libel *on the United States attorney* for such district and mail a copy thereof by registered mail *to the Attorney General of the United States*, and shall file a sworn return of such service and mailing. Such service and mailing shall constitute valid service *on the United States* and such corporation * * * Mar. 9, 1920, c. 95, § 2, 41 Stat. 525." [Italics ours.]

2. "*Offsets against judgments against United States*

"When, any final judgment recovered against the United States duly allowed by legal authority shall be presented to the Comptroller General of the United States for payment, and the plaintiff therein shall be indebted to the United States in any manner, whether as principal or surety, it shall be the duty of the Comptroller General of the United States to withhold payment of an amount of such judgment equal to the debt thus due to the United States; and if such plaintiff assents to such set-off, and discharges his judgment or an amount thereof equal to said debt, the Comptroller General of the United States shall execute a discharge of the debt due from the plaintiff to the United States. But if such plaintiff denies his indebtedness to the United States, or refuses to consent to the set-off, then the Comptroller General of the United States shall withhold payment of such further amount of such judgment as in his opinion will be sufficient to cover all legal charges and costs in prosecuting the debt of the United States to final judgment. And if such debt is not already in suit, it shall be the duty of the Comptroller General of the

plaintiff may owe the defendant; but having done so, the obligation is imposed upon him of instituting suit on the claim immediately, "if such debt is not already in suit".

Congress did not mean to permit the Comptroller General to withhold payment of a judgment in whole or in part on his own *ipse dixit;* if he did withhold it, he must immediately seek a judicial determination of his right to do so, unless the debt was already in suit. If it was already in suit, the desired judicial determination could be had in that suit, and, hence, it was not required in such case that the Comptroller General institute suit. The objective was the judicial determination; it made no difference whether plaintiff or defendant initiated the action to secure the determination. So, if a suit was already pending, it was not necessary for the Comptroller General to institute a suit.

The provision for a judicial determination of the propriety of the withholding was plainly for plaintiff's benefit. There is no evidence of an intention to confer on the Comptroller General any right, except the right to withhold. It was not intended to confer on him the right to choose the forum for the adjudication of the controversy. There is nothing indicating an intention to prevent plaintiff from doing what he is doing here, that is, to sue for a wrongful withholding, and in this way to secure the judicial determination which Congress prescribed.

The initiative should not be taken from plaintiff; it has been awarded a judgment; Congress has appropriated the money to pay it; plaintiff should be permitted to enforce payment in any lawful way it desires. We do not discern any intention on the part of Congress to prevent it from doing so. Cf. Erie

Basin Metal Products Co. v. United States, supra.

The statement is made in the briefs that the dockets of the district courts, where defendant would have to bring the suit, are several years in arrear; there is no justification for requiring plaintiff to wait so long for an initial determination by the district court, and then have to go to the Court of Appeals, and, perhaps, to the Supreme Court on certiorari, when it can come into this court instead and secure a final adjudication, subject to certiorari from the Supreme Court, in a much shorter time.

We think this court has jurisdiction of the controversy. Defendant's motion to dismiss is, therefore, denied.

It is so ordered.

JONES, Chief Judge, and MADDEN and LITTLETON, Judges, concur.

LARAMORE, Judge (dissenting).

Section 227 specifically directs the Comptroller General to withhold, if the plaintiff is indebted to the United States in any manner, and sets forth the procedure to be followed which completely and adequately safeguards the rights of both parties.

This section gives the Government the right to either assert the indebtedness due it as a counterclaim or in a suit in the district court.

If the Government did not immediately institute suit for collection of such indebtedness, the plaintiff's remedy is by mandamus and *not* by frustrating the purpose of this statute by suing in this court on their judgment.

Since, as stated in oral argument, the Government has complied with the statute by suing in the district court, I would dismiss plaintiff's petition.

United States to cause legal proceedings to be immediately commenced to enforce the same, and to cause the same to be prosecuted to final judgment with all reasonable dispatch. And if in such action judgment shall be rendered against the United States, or the amount recovered for debt and costs shall be less than the

amount so withheld as before provided; the balance shall then be paid over to such plaintiff by such Comptroller General of the United States with 6 per centum interest thereon for the time it has been withheld from the plaintiff. Mar. 3, 1875, c. 149, 18 Stat. 481; Mar. 3, 1933, c. 212, title II, § 13, 47 Stat. 1516."