**UNITED STATES of America,
Libelant,**

v.

**EASTPORT STEAMSHIP CORPORA-
TION, Respondent.**

United States District Court
S. D. New York.

July 17, 1956.

Paul W. Williams, U. S. Atty., South-
ern Dist. of New York, New York City,
for libelant (Leavenworth Colby and
Benjamin H. Berman, Washington, D.
C., of counsel).

Zock, Petrie, Sheneman & Reid, New
York City, Kominers & Fort, Washing-
ton, D. C., for respondent (J. Franklin
Fort and John Cunningham, Washing-
ton, D. C., and Francis J. O'Brien, New
York City, of counsel).

THOMAS F. MURPHY, District
Judge.

Respondent's exceptions to the libel of
the United States raise issues of law con-
cerning voluntary payment and compul-
sory counterclaims and for the reasons
hereinafter stated they are sustained and
the libel is dismissed.

In June 1954 respondent recovered a
judgment against libelant in the amount
of $54,000. Shortly thereafter Congress
appropriated funds to pay this judgment.
The General Accounting Office on Sep-
tember 29, 1954, deducted the sum of
$31,102.71 from the amount appropriat-
ed and remitted the balance to respond-
ent. The withholding of this sum was
done under the provisions of 31 U.S.C.A.
§ 227 which provides in substance that
it shall be the duty of the Comptroller
General to withhold payment of any
judgment equal to a debt owing to the
United States and if the judgment credi-
tor denies his indebtedness or refuses
to consent to the set-off then the Comp-
troller General shall withhold payment
and if such debt is not already in suit it
shall be his duty to cause proceedings to
be immediately commenced to enforce the
same.

The Comptroller General withheld the
sum of $31,102.71 because of his claim
that respondent owed that amount to li-
belant as charter hire. Respondent then
brought an action in the Court of Claims
on October 17, 1954, to recover the
amount withheld. The government made
a motion to dismiss on the ground that
the Court of Claims lacked jurisdiction,
but before decision on the motion filed
the instant libel on November 9, 1954, in
this district for $31,102.71 for charter
hire. The Court of Claims denied the
government's motion on April 5, 1955.

130 F.Supp. 333, 131 Ct.Cl. 210. Three weeks later on April 28, 1955, the government paid the full amount that was withheld. After making payment the government then pleaded payment as a defense in the Court of Claims action.

Respondent moved to strike this defense because the government had not paid the 6% interest for the period of the wrongful withholding. The Court of Claims on May 1, 1956, granted the motion to strike with leave to plead an amended answer denying the withholding was improper. Such answer was filed May 31, 1956, but it contained no counterclaim for the $31,102.71 which is the subject matter of the present libel in this district.

On June 14, 1956, respondent moved in the present proceeding in this district to suspend proceedings in this court pending final disposition of the Court of Claims action. That motion was denied without opinion by Judge Cashin.

On July 2, 1956, the present exceptive allegations were filed in this court. The grounds are (a) the sum of $31,102.71 sought to be recovered herein was paid by libelant to respondent while suit therefor was pending and the same cannot be recovered under established principles of voluntary payment, and (b) that libelant has waived the claim against respondent by failure to demand said sum by counterclaim in the action pending between the parties in the Court of Claims action.

■ The undisputed facts leave no room for doubt that the payment to respondent on April 28, 1955, was a voluntary payment in every particular. No duress or compulsion is alleged—not even a protest was made. Payment was made with full knowledge of all the facts without necessity or urgency. It cannot be recovered back. Union Pac. R. Co. v. Commissioners of Dodge County, 1878, 98 U.S. 541, 543, 25 L.Ed. 196; Cunard S. S. Co. v. Elting, 2 Cir., 1938, 97 F.2d 373. This rule applies to the government as well as private parties. McKnight v. U. S., 1878, 98 U.S. 179, 25 L.Ed. 115.

Another consideration supporting respondent's position is the salutary rule of compulsory counterclaim.

■ Rule 17(a) of the Court of Claims, 28 U.S.C.A. requires the answer to state as a counterclaim any claim the defendant may have against the plaintiff "if it arises out of the transaction or occurrence that is the subject matter of the petition." The Court of Claims has characterized the petition as follows: "Plaintiff's petition alleges that it recovered a judgment in this court on June 8, 1954, for $54,097.16, but that the Comptroller General wrongfully offset against this judgment the sum of $31,102.71, which sum he claims plaintiff owes the defendant under a bareboat charter. Plaintiff sues for the $31,102.71 withheld." Eastport Steamship Company v. United States, 1955, 130 F.Supp. 333, 131 Ct.Cl. 210. Thus, it may be seen that the United States' only hope of succeeding in that suit lay in proving that plaintiff actually owed $31,102.71 under the bareboat charter. Even after the amount was voluntarily paid and the suit became one for interest only the Court of Claims granted plaintiff's motion to strike the government's answer alleging payment and directed a further answer alleging the $31,102.71 to have been justifiably withheld because of the charter indebtedness. Eastport Steamship Company v. United States, Ct.Cl.1956, 140 F.Supp. 773. The question of respondent's indebtedness is the very essence of the Court of Claims suit. The similar language in Rule 13(a) Fed.Rules Civ.Proc., 28 U.S.C.A. and the more stringent language of old Equity Rule 30 would clearly require a compulsory counterclaim in this situation. Moore v. New York Cotton Exchange, 1926, 270 U.S. 593, 46 S. Ct. 367, 70 L.Ed. 750; 3 Moore's Federal Practice, 2d ed., pp. 32–33.

■ Libelant's argument that the government is never required to assert counterclaims in the Court of Claims makes very little sense in view of the rules of that court. Rule 17(a) must apply to the government since it is the only defendant in that court. Cf. Eastern

Transportation Co. v. United States, 2 Cir., 1947, 159 F.2d 349, 3 Moore's Federal Practice, 2d ed., p. 66.

Libel dismissed. This is an order. No settlement is necessary.