240 F.2d 863
 The CITIZENS BANK AND TRUST COMPANY OF BLOOMINGTON, INDIANA, Administrator d.b.n. of the Estate of Joseph Kelly Kerr, deceased, Appellant,
v.
The UNITED STATES of America, Appellee.
 No. 12822.
 United States Court of Appeals District of Columbia Circuit.
 Argued September 21, 1956.
 Decided December 20, 1956.
 Petition for Rehearing Denied February 25, 1957.
 
 Mr. Camden R. McAtee, Washington, D. C., for appellant.
 Mr. Harold H. Greene, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll, Asst. U. S. Atty., were on the brief, for appellee.
 Messrs. Leo A. Rover, U. S. Atty. at the time record was filed, and Carl W. Belcher, Asst. U. S. Atty., also entered appearances for appellee.
 Before BAZELON, WASHINGTON and DANAHER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant complains of the dismissal of its suit against the United States filed December 4, 1954, and based upon a judgment entered in appellant's favor as of June 30, 1942. The original cause of action arose on a policy of war risk insurance. See United States v. Citizens Loan & Trust Co., 1942, 316 U.S. 209, 62 S.Ct. 1026, 86 L.Ed. 1387.
 
 
 2
 Various contentions have been made before us, chiefly concerning the statute of limitations of the District of Columbia, D.C.Code 1951, § 15-101, and the limitation contained in the World War Veterans' Act of 1924, 38 U.S.C.A. § 445. At the outset, however, doubt appears as to whether the Government has consented to be sued on the 1942 judgment. Appellant urges that the statute making funds available for payment on insurance claims, 38 U.S.C.A. § 442, evidences congressional intention to allow the instant suit. This statute is not, however, a specific appropriation to pay a judgment already entered but is rather a designation of a fund out of which such judgments as may thereafter be entered (on insurance claims) shall be paid. Thus, this case differs from those in the Court of Claims in which suits against the United States on prior judgments have been allowed, for in each case there had been a specific appropriation after the first judgment.[1] We need not, however, decide whether an appropriation in advance of a judgment constitutes consent to a later suit upon that judgment, for in any event this suit was properly dismissed for failure to state a claim on which relief could be granted. Petitioner seeks nothing more than a reaffirmation of his first judgment. In this respect the case is similar to Hetfield v. United States, 1933, 78 Ct.Cl. 419, 422-423. There the action was dismissed both because there had been no appropriation and because plaintiff had put no question in issue other than that concluded by the prior judgment.[2] In appropriate cases, of course, mandamus may lie against Government officials to compel performance of their duty to honor a judgment of the present sort.[3] But this suit is not brought in mandamus. It is a suit against the United States in which no issue not already litigated has been raised. That being so, we affirm the judgment of the District Court, but solely on the ground we have stated, Jones v. United States, 1955, 97 U.S.App.D.C. 81, 228 F.2d 52, and do not reach the other points in the case.
 
 
 3
 So ordered.
 
 
 
 Notes:
 
 
 [1]
 See O'Grady's Ex'rs v. United States, 8 Ct.Cl. 451, affirmed 1874, 22 Wall. 641, 89 U.S. 641, 22 L.Ed. 772; Eastport Steamship Co. v. United States, 1955, 130 F.Supp. 333, 131 Ct.Cl. 210; Stewart & Co. v. United States, 1930, 71 Ct.Cl. 126; Benedict v. United States, 1928, 66 Ct.Cl. 437; Helvetia Milk Condensing Co. v. United States, 1933, 3 F.Supp. 662, 77 Ct.Cl. 734; Brown v. United States, 1870, 6 Ct.Cl. 171; Weld & Co. v. United States, 23 Ct.Cl. 126, affirmed 1888, 127 U.S. 51, 8 S.Ct. 1000, 32 L.Ed. 62
 
 
 [2]
 In each of the cases cited in note 1 there was a particular reason to justify the second suit (apart from the basic reason that the first judgment was unpaid). Thus, in Eastport and Stewart the administrative officer charged with payment was asserting a counterclaim, in Brown, O'Grady and Weld the officer had withheld from payment a deduction alleged to be improper, and in Benedict there was a dispute as to the amount of interest due on the initial judgment
 
 
 [3]
 Hines v. United States, 1939, 70 App. D.C. 206, 105 F.2d 85; Hammond v. Hull, 1942, 76 U.S.App.D.C. 301, 131 F.2d 23, certiorari denied 1943, 318 U.S. 777, 63 S.Ct. 830, 87 L.Ed. 1145
 
 
 
 4
 DANAHER, Circuit Judge (concurring).
 
 
 5
 We are in complete agreement upon the foregoing opinion. Since we are disposing of the case on the ground mentioned above, we did not reach yet other questions. In what I now add, I speak only for myself.
 
 
 6
 The record had not disclosed to us why the Administrator and the Comptroller General failed to pay the appellant's judgment, entered in accordance with the Supreme Court's mandate, in 1942. The trial judge dismissed the action pursuant to the Government's reliance upon a District of Columbia statute, D.C.Code 1951, § 15-101 which sets up a 12-year limitation. I would rather we were free to say that, in the circumstances, the statute has no application,[1] and hence, had there been a claim against the proper parties seeking performance by them of "a purely ministerial duty,"[2] the statute would have been no bar. Could we thus say that the 1942 judgment is "final,"[3] and even if treated as a "claim or demand,"[4] it had been timely filed, the way to a possible remedy would be indicated. That it was so filed in proper time is clear, indeed counsel fees amounting to 10 per cent of the judgment actually had been paid, yet the veteran's beneficiaries, or his estate, have been denied the benefits of the veteran's contract with his Government.[5]
 
 
 7
 So, considering that the judgment is valid but dormant, appellant would be free to seek its remedy[6] in a suit on that judgment, no longer open to defenses which might have been raised in the original action, but with relief possibly available in "the exercise of a sound judicial discretion and upon equitable principles * * * as not embraced within statutes of limitation applicable to ordinary actions, but as subject to the equitable doctrine of laches."[7]
 
 
 8
 But as I say, we did not reach such questions.
 
 
 
 Notes:
 
 
 [1]
 Since by its very terms it treats of judgments to be enforced "by execution issued thereon," and the law makes no provision for issuance of execution against the Government. Cf. F.H.A. Region No. 4 v. Burr, 1940, 309 U.S. 242, 250, 60 S.Ct. 488, 84 L.Ed. 724
 
 
 [2]
 Hines v. United States, 1939, 70 App. D.C. 206, 214, 105 F.2d 85, 93
 
 
 [3]
 Agreeably to the statute, 28 U.S.C. § 2414 (1952), since the Attorney General had certified that no appeal would be taken
 
 
 [4]
 31 U.S.C.A. § 71a
 
 
 [5]
 Cf. Lynch v. United States, 1934, 292 U.S. 571, 579, 54 S.Ct. 840, 78 L.Ed. 1434
 
 
 [6]
 As in Hines v. United States, supra note 2; cf. Hammond v. Hull, 1942, 76 U.S. App.D.C. 301, 303, 131 F.2d 23, 25, certiorari denied 1943, 318 U.S. 777, 63 S.Ct. 830, 87 L.Ed. 1145
 
 
 [7]
 United States ex rel. Arant v. Lane, 1919, 249 U.S. 367, 371, 39 S.Ct. 293, 63 L.Ed. 650; cf. Dollar v. Land, 1950, 87 U.S.App.D.C. 214, 226, 184 F.2d 245, 257, certiorari denied 1950, 340 U.S. 884, 71 S.Ct. 198, 95 L.Ed. 641