**PROJECT MAP, INC.**

v.

**The UNITED STATES.**

No. 31–73.

United States Court of Claims.

Nov. 14, 1973.

———◆———

John S. Nolan, Washington, D. C., Atty. of record, for plaintiff.

Russell W. Koskinen, Washington, D. C., with whom was Acting Asst. Atty. Gen., Irving Jaffe, for defendant.

Before DAVIS, SKELTON and KUN-ZIG, Judges.

ON DEFENDANT'S AND PLAIN-TIFF'S MOTION FOR SUMMARY JUDGMENT

PER CURIAM:

This case implicates three contracts plaintiff Project Map, Inc. has had with the Department of Labor. The contractor sues to recover $26,166.42 admittedly due it under Contract 0424. The defendant has withheld that sum from the amount concededly owing under that agreement because, on the other two contracts (Contracts 0401 and 0430), the contracting officer determined that plaintiff had been overpaid by at least that figure. In each instance this determination of overpayment was appealed to the Department's Board of Contract Appeals, and both disputes are still pending before that tribunal. The contractor says that there is no dispute as to Contract 0424, on which it is suing, and therefore it should now be paid the full sum due under that agreement. The Government admits that there is no controversy as to 0424 but asserts a right to set off, on that agreement, amounts it claims owing to it under the other two contracts. Both sides have moved for summary judgment.

Part III of Dale Ingram, Inc. v. United States, 475 F.2d 1177, 1188, 201 Ct. Cl. 56, 76 (March 1973), dealt with precisely the same problem. In that instance, too, the defendant withheld payment of a sum awarded by the Board of Contract Appeals on one contract because there was then pending before the Board a dispute as to another of the contractor's agreements under which the contracting officer had held the contractor indebted to the Government in a larger sum. That plaintiff, just like Project Map, Inc., argued that the failure to pay the conceded sum was a breach of contract entitling the claimant to immediate judgment. The court squarely rejected this contention "because the Government has a right of off-set with respect to the decision of the contracting officer [on the other contract] now pending before the Board in which he held that the plaintiff is indebted to the Government in the sum of [a figure greater than that withheld]. The decision of the contracting officer in this regard is final and binding until and unless it is reversed or changed by

the Board or by this court should the case be appealed here from the Board. Consequently, the Government has the right to withhold the [sum withheld] awarded to the plaintiff in this case until [the other appeal] has been finally decided." 475 F.2d at 1188, 201 Ct.Cl. at 76.

*Dale Ingram, Inc.* is dispositive here. We do not agree with plaintiff that that holding was counter to 31 U.S.C. § 227,[1] a provision which is limited to prescribing the procedure for offsets against court judgments obtained against the Federal Government. The section does not deal with the federal right of set-off prior to the entry of a court judgment, nor does it suggest in any way that the set-off rights of the Federal Government, unlike those of other creditors, are confined to the single remedy of set-off after a judgment has been obtained. On the contrary, in United States v. Munsey Trust Co., 332 U.S. 234, 239, 67 S.Ct. 1599, 1602, 91 L.Ed. 2022 (1947), the Supreme Court said that "the government has the same right 'which belongs to every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due him.'" *See, also,* Madden v. United States, 371 F.2d 469, 470, 178 Ct.Cl. 121, 122–123 (1967). There is no intimation that this right is restricted solely to a debt which is admitted by the debtor, and that has not been the practice either of the Government or of the private commercial world.

If 31 U.S.C. § 227 has any bearing at all, its underlying policy serves to support the ruling in *Dale Ingram, Inc.* The section declares that, in the circumstances to which it applies, the Comptroller General, once the alleged debtor disputes his obligation, shall cause legal proceedings to be begun to try out the issue—but only "if such debt is not already in suit." The premise is simply that there should be an impartial determination of the disputed debt. But that is exactly what is happening in *Dale Ingram, Inc.,* as well as in the present case. In both instances, the controversial debt is "already in suit" in the sense that the Board of Contract Appeals (and perhaps ultimately a court) will decide whether the money is properly owing by the contractor. There is thus bound to be an impartial determination, and the process of securing it had already been started before this action was begun. *Cf.* Eastport S.S. v. United States, 130 F.Supp. 333, 335, 131 Ct.Cl. 210, 214 (1955).

Plaintiff also contends that *Dale Ingram, Inc.* is contrary to the rationale of Eastport S.S. v. United States, *supra,* 130 F.Supp. at 335, 131 Ct.Cl. at 213–214, and *id.,* 140 F.Supp. 773, 135 Ct.Cl. 175 (1956). We perceive no inconsistency. *Eastport Steamship I* involved a disputed debt set off by the Comptroller General against a prior judgment obtained by the steamship company against the United States; instead of waiting for the Comptroller General to cause a suit to be instituted, the plaintiff brought suit here for the portion of the prior judgment which had not been paid. The court held that 31 U.S.C. § 227, *supra,* did not prevent the claimant from taking the initiative by itself instituting the first action. *Eastport Steamship II* carried out that reasoning to allow interest if the withholding turned out to be improper. Nothing in either opinion suggests, even remotely, that the procedure under § 227, after judgment is entered, is the only right of set-off ever possessed by the Government. Nor

1. "§ 227. *Offsets against judgments against United States*

"When any final judgment recovered against the United States duly allowed by legal authority shall be presented to the Comptroller General of the United States for payment, and the plaintiff therein shall be indebted to the United States in any manner, whether as principal or surety, it shall be the duty of the Comptroller General of the United States to withhold payment of an amount of such judgment equal to the debt thus due to the United States; * * *"

do the opinions imply that, where, as here, a proceeding to resolve the dispute is already in existence, the claimant has a right to commence a second, independent proceeding.

We shall therefore follow *Dale Ingram, Inc.* in granting judgment for the amount withheld under Contract 0424, subject to the Government's right of set-off. At the oral argument we were informed, and both parties agreed, that in August 1973 the contracting officer revised his determinations to find that the plaintiff is due $31,275.67 under Contract 0424 and that the defendant's claims under Contracts 0401 and 0430 are reduced to $15,973.60. This leaves a balance of $15,302.07 admittedly due plaintiff, without dispute. We see no reason why this sum should not be paid promptly to plaintiff once its tax problems are finally disposed of.[2] The remaining amount represents the alleged debt, still in controversy, which is now before the Board of Contract Appeals for determination. Disposition of that portion of the amount in suit will have to await the final outcome of those administrative proceedings and of any court review which may follow.

Accordingly, we grant and deny both motions for summary judgment to the extent that judgment is awarded plaintiff for $26,166.42, subject to the right of the Government to set-off its claims, if any, against the plaintiff in the appeals now pending before the Board of Contract Appeals (or by a court if the case goes to court), and also with respect to any tax, interest or penalty still due under or with respect to the notice of levy filed by the Internal Revenue Service with the Department of Labor.

2. The Labor Department received a notice of levy from the Internal Revenue Service against plaintiff in the sum of $156,662.90, but plaintiff's brief says that the full amount of the taxes has been paid and a request for abatement of the penalties has been filed (which plaintiff expects to be favorably considered).