## ARLINGTON TRUST CO., Inc. v. UNITED STATES.

### No. 49687.

United States Court of Claims.

Feb. 3, 1953.

William A. Kehoe, Jr., Washington, D. C., Kane & Koons, Washington, D. C., on the brief, for plaintiff.

Edward L. Metzler, Washington, D. C., Holmes Baldridge, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

MADDEN, Judge.

A similar motion, based upon a different ground, was decided adversely to the defendant. 100 F.Supp. 817, 121 Ct.Cl. 32. The case has gone to trial on the merits before a Commissioner of this Court, and a large volume of testimony and documentary evidence has been received. It would seem, then, that the presentation of

this motion has been improperly delayed. The defendant, however, justifies its late presentation by pointing to our decision in Erie Basin Metal Products, Inc., v. United States, 107 F.Supp. 588. It says that our decision in that case, which was contrary to its contentions, is a ground for the granting of its instant motion. Its motion asserts that the present suit was not filed within the time allowed by the Contract Settlement Act of 1944, 41 U.S.C.A. § 101 et seq., for filing suits in this court.

The plaintiff is the assignee of a contractor which had a war contract with the United States Maritime Commission for the construction of life rafts. The Commission, as it had the statutory authority to do, terminated the contracts before they were fully performed. Under the Contract Settlement Act of 1944, 58 Stat. 649, 41 U. S.C.A. § 101 et seq., and, specifically, Section 13 of that Act, proceedings were had. for the settlement of the contractor's claims arising from the terminated contracts.

Section 13 provides in subsection (a) that the contracting agency, here the Maritime Commission, may determine the amount due upon a contractor's claim, and in subsection (b) provides that if the contractor is aggrieved by the agency's findings he may, at his election, either (1) appeal to the Appeal Board, a board created by subsection (d) of section 13, appointed by the Secretary of the Treasury, and having jurisdiction to hear appeals from any of the contracting agencies of the Government, or, (2) bring a suit in this court.

Subsection (c)(1) of section 13 provides that when a contracting agency provides an appellate procedure within the agency, the aggrieved contractor may, in his discretion, resort to that procedure. Subsection (c)(2) provides that the contractor may appeal to the Appeal Board, or bring suit in this court, within 90 days after the determination of his appeal within the agency, or in case of the agency's failure to deliver findings to him, within one year after his demand for such findings. It further provides that unless he takes these steps within the times stipulated, he shall be barred from taking them thereafter.

The Maritime Commission, on March 6, 1945, issued its Revised General Order 57 which promulgated regulations governing the settlement of terminated war contracts. These regulations, in Sections 298.-161 and 298.162, provided for appeals to the Commission itself from findings made by its Settlement Review Board, the body authorized by the Commission to make findings in the first instance.

On May 2, 1946, the Settlement Section of the Maritime Commission, by letter submitted to the contractor a proposed settlement of its claims. The letter said. that if no reply was received within a reasonable time, it would be understood that the proposal was not accepted, and the Settlement Section would file findings with the Settlement Review Board. On August. 14, 1946 the contractor wrote a letter rejecting the proposed settlement and demanding findings. On November 29, 1946, the Settlement Review Board of the Commission wrote the contractor enclosing findings. On December 26 the contractor wrote the Maritime Commission protesting the findings and appealing to the Commission. This appeal was acknowledged by the Commission on January 3, 1947, and was set down for a hearing. The hearing was held. On March 31, 1947, the Commission advised the contractor that an issue of fraud had been raised, and that it. would take no action upon the appeal until it received clearance from the Department. of Justice on the fraud issue. Section 18 (e) of the Contract Settlement Act provides that the contracting agency shall refer cases which, it believes, involve fraud, to the Department of Justice for action.

The Department of Justice prosecuted. one of the contractor partners for fraud. He was acquitted. It then brought a civil suit for fraud against the contractor partnership and the partners. The District Court, 89 F.Supp. 256, decided that there was fraud. These activities took time, and meanwhile the Maritime Commission took: no action upon the contractor's intra-agency appeal. On February 10, 1948,. when the partner had been acquitted in the criminal prosecution, the contractor wrote the Commission advising it of that.

fact and asking for information as to the status of the settlement claim. On February 16, 1948, the Commission advised the contractor that it would take no action on the claim until the civil fraud aspect of the case had been cleared by the Department of Justice.

On July 20, 1949, the contractor made a written demand for a final determination by the Commission. On July 25, 1949, the Commission replied that it would take no action on the claim until it had received written clearance from the Attorney General. The plaintiff filed the instant suit on June 14, 1950.

The plaintiff says that it filed its suit within one year after its demand for findings, and that seems to be true. As we have seen, Section 13 (c)(1) of the Contract Settlement Act expressly recognizes that an agency may provide for an intra-agency appeal, and the Maritime Commission did so provide. Section 13 (c)(2) seems to us to mean that if there is such an appeal, and there was in this case, it is the findings on the appeal, or the failure of the appellate body to make findings after demand, which set the periods of limitation in motion. Here the appellate body made no findings, hence the 90 day period did not run. No demand was made for such findings until July 20, 1949. At that time the one year period of limitation began to run. The plaintiff filed its suit within that year.

In the Erie Basin case, supra, we held that, although the agency had suspended action upon a settlement claim for the purpose of permitting the Department of Justice to investigate alleged fraud in connection with the claim, the contractor, having demanded findings, could sue in this court. In that case, as in this, the contractor sued within the time provided in the statute after making its demand for findings. The Government's argument seems to be that, since we held in the Erie case that the fraud investigation did not suspend the contractor's right to demand findings promptly and then sue, the limitation periods begin to run promptly regardless of the delay caused by the fraud investigation. But the events which cause the lim-

itation periods to begin to run are specified in the statute. They are either the issuance of findings, or the failure to issue findings after a demand. The former event is in the control of the Government; the latter in the control of the contractor. Here the former event did not occur, and the latter event did not occur until July 20, 1949. The plaintiff's suit was filed in time. The defendant's motion is denied.

It is so ordered.

JONES, Chief Judge, and HOWELL, WHITAKER, and LITTLETON, Judges, concur.