**EASTPORT STEAMSHIP COR-
PORATION**

v.

**The UNITED STATES.**

No. 399-54.

United States Court of Claims.
May 1, 1956.

J. Franklin Fort, Washington, D. C., Kominers & Fort and Israel Convisser, Washington, D. C., on the briefs, for plaintiff.

Leavenworth Colby, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., Hubert H. Margolies, Washington, D. C., on the briefs, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

This case is presently before the court on plaintiff's motion to strike defendant's answer and for other relief.

Plaintiff recovered a judgment in this court on June 8, 1954, for $54,097.16, and on August 26, 1954, Congress appropriated funds to pay this judgment. On September 29, 1954, the Comptroller General offset against it the sum of $31,102.71 which he claimed plaintiff owed defendant under a bareboat charter, and paid plaintiff the balance.

Plaintiff then commenced an action in this court on October 7, 1954, to recover the amount withheld. Defendant moved to dismiss plaintiff's petition on the ground that this court lacked jurisdiction of the subject matter since the amount withheld was an amount plaintiff owed defendant on a bareboat charter, which defendant alleged was justiciable only in a Court of Admiralty.

We denied defendant's motion to dismiss on April 5, 1955, 130 F.Supp. 333.

Then on April 28, 1955, defendant paid plaintiff the amount which had been withheld, but without interest, and filed an answer to plaintiff's petition setting up the defense of payment in full. Plaintiff then filed a motion to strike defendant's answer as insufficient in law, and for a finding that the previous withholding by defendant was unlawful, and, hence, that plaintiff was entitled to judgment for interest at 6 percent on the amount withheld. Defendant, by leave of the court, filed an amended answer reiterating its defense of payment in full, and, in addition, alleging that a suit had been brought in admiralty against plaintiff to recover the amount previously withheld. Plaintiff's motion will be treated as one to strike the amended answer.

If the amount of $31,102.71 was unlawfully withheld, then under section 227 of 31 U.S.C.A. plaintiff is entitled to interest on it. Plaintiff alleges it was unlawful, and prays for judgment for interest, the amount withheld having been paid after the filing of plaintiff's petition.

As we said in our former opinion, plaintiff's present suit is based on a wrongful withholding of a part of the prior judgment. He can show that this withholding was wrongful only by showing that he is not indebted to the defendant on the bareboat charter, as the Comptroller General alleges. He has invoked this court's jurisdiction to determine this question.

We previously held that plaintiff can maintain his action here, because it is not on a maritime contract, but for a wrongful withholding of a judgment. We held that we have jurisdiction of such a case, although the determination of whether or not the withholding was wrongful necessitates our determination of the amount due on a maritime contract.

Section 227 of 31 U.S.C.A., under which the withholding was made, provides:

"*Offsets against judgments against United States*

"When any final judgment recovered against the United States duly allowed by legal authority shall be presented to the Comptroller General of the United States for payment, and the plaintiff therein shall be indebted to the United States in any manner, whether as principal or surety, it shall be the duty of the Comptroller General of the United States to withhold payment of an amount of such judgment equal to the debt thus due to the United States; and if such plaintiff assents to such set-off, and discharges his judgment or an amount thereof equal to said debt, the Comptroller General of the United States shall execute a discharge of the debt due from the plaintiff to the United States. But if such plaintiff denies his indebtedness to the United States, or refuses to consent to the set-off, then the Comptroller General of the United States shall withhold payment of such further amount of such judgment as in his opinion will be sufficient to cover all

legal charges and costs in prosecuting the debt of the United States to final judgment. And if such debt is not already in suit, it shall be the duty of the Comptroller General of the United States to cause legal proceedings to be immediately commenced to enforce the same, and to cause the same to be prosecuted to final judgment with all reasonable dispatch. And if in such action judgment shall be rendered against the United States, or the amount recovered for debt and costs shall be less than the amount so withheld as before provided, the balance shall then be paid over to such plaintiff by such Comptroller General of the United States with 6 per centum interest thereon for the time it has been withheld from the plaintiff. Mar. 3, 1875, c. 149, 18 Stat. 481; Mar. 3, 1933, c. 212, Title II, § 13, 47 Stat. 1516."

It will be noted section 227 requires the Comptroller General to institute suit to recover the amount withheld only in case "such debt is not already in suit. The debt was already in suit, in this court, brought here by plaintiff's petition alleging that it did not owe the debt and that, therefore, the withholding of an amount of the judgment equal to the debt was wrongful. Since the issue of whether or not plaintiff was indebted to defendant on the bareboat charter was already in suit, the Comptroller General was not required to institute suit in another forum, and the institution of such suit does not oust this court of jurisdiction to try the action brought by plaintiff.

We think this position is not inconsistent with the decision of the Supreme Court in Archawski v. Hanioti, 350 U.S. 532, 76 S.Ct. 617. The suit in that case was for the recovery of money paid on a maritime contract. It could be recovered only by showing a breach of the maritime contract. Here the action is not for breach of a maritime contract, but for the wrongful withholding of a judgment obtained presumably on a nonmaritime cause of action. That the defendant withheld payment of part of the judgment on account of an alleged indebtedness to it by plaintiff on a maritime contract does not change the character of plaintiff's action in this court.

Plaintiff's claim is not founded on a maritime contract. The maritime contract is injected into the suit by the defendant by the interposition of a right to withhold payment of the judgment on account of the maritime contract. Defendant cannot by its own act change the character of plaintiff's suit in this court, and thus oust this court of jurisdiction.

Plaintiff should not be compelled to resort to another forum to collect a judgment obtained in this court. It has the right to come here and show that the judgment was wrongfully withheld.

Defendant's answer is an insufficient defense to plaintiff's petition because it does not allege that its prior action in withholding a part of the judgment was justified because of plaintiff's indebtedness to it. If plaintiff was not so indebted, then the withholding was wrongful and plaintiff is entitled to recover interest on the amount withheld from the time it was withheld until the time it was paid.

Defendant will be allowed thirty days to answer further, in default of which plaintiff's allegation that it is not indebted to defendant in the amount claimed, or in any other amount, will be treated as admitted by the defendant.

It is so ordered.

JONES, Chief Judge, and MADDEN, and LITTLETON, Judges, concur.

LARAMORE, Judge, dissents.