Whitaker, Judge,
delivered the opinion of the court:
This case is before the court on defendant’s motion to dismiss plaintiff’s petition on the ground that it is barred by the statute of limitations.
Plaintiff is a sub-sub-subcontractor under a prime contract entered into between the defendant and the Cuneo Press, Incorporated. Plaintiff’s contract was with the B-M Machine Works, which itself was a sub-subcontractor. This company notified plaintiff on June 23, 1944, that the prime contractor would not accept further shipments after June 29, 1944.
Thereafter, plaintiff filed termination claims with the B-M Machine Works and with the Neloc Corporation, the subcontractor, and with Cuneo Press, the prime contractor, and with the New York Ordnance District and Chicago Ordnance District. So far as the petition discloses, no action was taken on its claim until after plaintiff filed a so-called “Settlement Proposal” on September 11,1950.
Plaintiff wrote the contracting officer a number of times seeking action on its proposal. Finally on February 28, 1956, the contracting officer at the Chicago Ordnance District notified plaintiff’s attorney that its claim for payment was denied. This was followed by another letter on August 8, 1957, to plaintiff’s attorney advising it that the former letter of February 28, 1956, “constituted a ruling on the termination claim of your client.” Plaintiff’s petition was filed in this court on January 21, 1958.
A subcontractor, of course, has no right of action against the Government due to lack of privity of contract. How *483 ever, section 7 of the Contract Settlement Act of 1944 (58 Stat. 649, 655) permits a contracting agency to “settle directly termination claims of subcontractors to the extent that it deems such action necessary or desirable for the expeditious and equitable settlement of such claims.” Only if the contracting agency assumes the obligation to settle a subcontractor’s claim can the subcontractor maintain a suit against the United States. Erie Basin Metal Products co. v. United States, 123 C. Cls. 433. It appears from the petition that the agency did not do so.
Thus the petition fails to state a cause of action.
The defendant’s defense, however, is that plaintiff’s claim, if any, is barred by the statute of limitations. It is clear that it is barred. So far as the petition shows, the first action taken on plaintiff’s claim was the letter of February 28,1956, from the contracting officer at the Chicago Ordnance District, denying the claim. Section 13 (b) of the Contract Settlement Act, supra, permits a contractor, aggrieved by the action of the contracting agency, to bring suit in this court; but by subsection (c) he is required to do so within 90 days from the date of delivery to him of the findings of the contracting officer. Plaintiff’s claim was denied on February 28, 1956. It did not file suit until January 21, 1958. It is clearly barred.
As stated, the Contract Settlement Act does not require the contracting agency to settle directly with the subcontractor ; it merely permits it to do so, but even if there was a requirement on the contracting agency to do so, nevertheless, plaintiff brought its action in this court long after the time within which it was permitted to do so under section 13 (c) of the Act.
Defendant’s motion is granted, and plaintiff’s petition will be dismissed.
It is so ordered.
Reed, Justice (Bet.), sitting by designation; Laramoee, Judge, Madden, Judge, and Jones, Chief Judge, concur.