**The GRAD PARTNERSHIP, the Eggers Partnership, Welton Becket & Associates and Jaros, Baum & Bolles, Inc., a Joint Venture, also known as SSA/Metro West Architects and Engineers**

v.

**The UNITED STATES.**

No. 20–82C.

United States Claims Court.

Nov. 22, 1982.

Barry B. LePatner, New York City, for plaintiff.

Beacham O. Brooker, Jr., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant; Kathleen McCartney, Gen. Services Admin., of counsel.

## OPINION

MEROW, Judge:

This matter comes before the court on defendant's motion for partial summary judgment filed August 13, 1982, and plaintiff's opposition and cross-motion filed October 13, 1982.[1]

### STATEMENT OF FACTS

The essential facts in this matter, as disclosed by the exhibits submitted by the parties, are not in dispute. In April 1974 the General Services Administration (GSA) entered into contract No. GS–00B–03414 with plaintiff covering architectural and engineering services plaintiff was to provide in connection with the Social Security Administration Administrative Headquarters Expansion Project, Baltimore, Maryland.

On June 24, 1977 plaintiff submitted a claim for extra compensation stemming from asserted delay encountered during the working-drawing phase of the contract and from additional items of work performance which were asserted to be beyond the original scope of the contract. The claim submitted was in the amount of $579,892, consisting of $452,555 for extended time costs and $127,337 for additional work items.

After an audit by GSA of plaintiff's claim and negotiations between the parties, a settlement was reached which provided additional compensation of $106,000 for the claimed additional work items and which also provided that the delay portion of the claim would be severed and resubmitted after the combined effects of the working-drawing phase and the construction phase could be evaluated. The additional $106,000 fee was paid to plaintiff under amendment No. 6 to the contract, issued November 21, 1978.

On March 1, 1979 the Contract Disputes Act of 1978 (CDA or Act), 41 U.S.C. §§ 601–613 (Supp. IV 1980), came into effect.

On May 8, 1979 plaintiff submitted "our combined Working Drawing and Construction Phase claim for additional costs arising from delay and consequent prolongation of the project." The total amount of the claim was $878,500. Plaintiff urgently requested "prompt and immediate action by GSA in auditing and negotiating this claim."

On June 6, 1979 plaintiff's claim was submitted to GSA's Construction Audit Division and the ensuing GSA audit report was published on March 12, 1980. On May 7, 1980 the parties negotiated with respect to plaintiff's claim and certain agreements were reached which resulted in the submission of a revised claim of $754,412 on November 17, 1980. Further negotiations occurred on December 15–16, 1980 and on January 28, 1981, which resulted in an agreed settlement of $430,000, subject to the required GSA processing of the agreement which the GSA negotiators informed plaintiff would take two to three months before payment could be made. Plaintiff's letter dated February 5, 1981 to GSA, stated (in part):

---

1. The issues presented by these motions are essentially procedural in nature. In the interests of moving the case toward resolution of the merits of the issues presented in the pleadings, defendant's motion filed November 15, 1982 for an enlargement of time to file a reply brief has been denied and plaintiff's motion filed October 13, 1982 for oral argument is also denied.

This letter will confirm the acceptance by the SSA/Metro West Architects & Engineers of $430,000 in full and final settlement of their delay claim for the Working Drawing and Construction Phases dated May 8, 1979, and modified November 17, 1980.

Upon the request of GSA, on April 6, 1981, plaintiff sent a letter to the GSA project executive, stating:

This is to certify that to the best of our knowledge and belief costs and/or pricing data submitted in writing to the contracting officer and/or his representatives in support of our request for additional fee are accurate, complete and current as of the date of the final negotiation—January 28, 1981.

On January 13, 1982 plaintiff filed its petition in this matter asserting, in the first count, that defendant had not paid the $430,000 settlement amount within 90 days and that such action constituted denial of the delay claim which authorized suit for $1,250,000 in delay costs in this court under 41 U.S.C. § 609(a)(1). Alternatively, in the second count of the petition, plaintiff seeks recovery of the unpaid $430,000 settlement amount under 28 U.S.C. § 1491.

On March 5, 1982 the GSA contracting officer issued a final decision on contract No. GS–OOB–03414, holding plaintiff responsible for $475,000 in delay and acceleration costs stated to have been suffered by the government on the project as a result of plaintiff's "negligence in the design of the Metro West Building."

On April 29, 1982 defendant filed its answer and counterclaim in this matter, asserting that plaintiff is indebted to defendant in the amount of at least $475,000 and that the $430,000 payment due plaintiff "has been set off against that debt." Defendant pleaded as a first affirmative defense that the court lacks jurisdiction over the subject matter of plaintiff's claim, and as a second affirmative defense that plaintiff's first count is barred by an accord and satisfaction.

On June 8, 1982 plaintiff filed its reply to defendant's counterclaim, denying any lia-

bility for $475,000, noting that it had, on April 22, 1982, noticed an appeal of the contracting officer's March 5, 1982 decision to the GSA Board of Contract Appeals, and noting that defendant had been informed of plaintiff's intention to consolidate this appeal with the instant litigation and withdraw the appeal from the GSA Board of Contract Appeals without prejudice.

On June 18, 1982 the GSA contracting officer mailed a copy of an amendment (No. 17) to contract No. GS–OOB–03414 to plaintiff, stating as follows:

Enclosed for your signature is a copy of Amendment No. 17 in the amount of $430,000.00, representing the January 28, 1981 negotiated settlement of your revised claim dated November 17, 1980. Your claim as originally submitted on June 24, 1977, was partially paid in the form of Amendment No. 6 to your contract issued on November 21, 1978. Your claim for delay costs and other additional design services was then resubmitted on May 8, 1979, and subsequently revised and resubmitted on November 17, 1980. Please sign and return the original and two copies of this amendment.

As you are aware, a Contracting Officer's Final Decision was issued March 5, 1982, finding you responsible for the $475,000 damages suffered by the Government due to delay and acceleration costs incurred by the exterior masonry contractor (issued as Change Order 6–35MW, RCP 6–10MW).

Therefore, we are withholding payment of this Amendment No. 17 pending resolution of your appeal of the Final Decision under GSBCA Docket No. 6631.

Proceedings before the GSA Board of Contract Appeals have been stayed pending disposition of the motions filed in this matter by the parties.

DISCUSSION

Contract No. GS–OOB–03414 predated the effective date of the CDA such that, under section 16 of the Act, plaintiff has an election whether to proceed under the CDA

"with respect to any claim pending then [March 1, 1979] before the contracting officer or initiated thereafter." 41 U.S.C. § 601 (note).

With respect to count one of the petition, plaintiff seeks to exercise an election to proceed under the CDA with respect to a delay cost claim of $1,250,000.

Defendant asserts that the Claims Court lacks jurisdiction of this $1,250,000 claim because the claim was not previously certified, as required by 41 U.S.C. § 605(c)(1), and because the claim is barred by an accord and satisfaction represented by the $430,000 settlement which the parties negotiated. Plaintiff urges that the $1,250,000 claim had its genesis in the original June 24, 1977 claim for $452,555 it submitted prior to the effective date of the CDA, such that no certification would be required pursuant to the ruling in *Folk Construction Co. v. United States,* Ct.Cl. No. 99–80C (order entered January 16, 1981). Alternatively, plaintiff argues that it has effectively certified the claim given the circumstances present in this matter.

It is concluded that the court lacks jurisdiction over plaintiff's count one claim. Under the CDA, all claims by a contractor against the government relating to a contract "shall be in writing and shall be submitted to the contracting officer for a decision." 41 U.S.C. § 605(a). Plaintiff's count one claim asserts that the negotiated $430,000 settlement of its delay claim against the government has been abrogated such that plaintiff may now press a claim to recover an asserted $1,250,000 in delay costs against the government. This claim, that the prior settlement has been abrogated, and that delay costs of $1,250,000 are recoverable, has not been submitted to the contracting officer for a decision. Accordingly, as it has not been submitted, such a claim has not been certified as made in good faith, etc., as required by 41 U.S.C. § 605(c)(1). Before the matter could come within the jurisdiction of the Claims Court, the claim would have to be submitted to the contracting officer and, upon receipt of the ensuing decision by the contracting officer, the plaintiff would have to elect to bring an action under the direct access provision of the Act, 41 U.S.C. § 609(a)(1).[2]

In count two of its petition, plaintiff seeks a judgment of $430,000 premised upon the settlement reached by the parties on its delay claims. For its count two claim, plaintiff does not rely on any provision of the CDA but pleads a claim under 28 U.S.C. § 1491 for money allegedly owed by the United States under a contract. Citing *United States v. Munsey Trust Co.,* 332 U.S. 234, 67 S.Ct. 1599, 91 L.Ed. 2022 (1974), defendant asserts its right to offset the $475,000 which it claims plaintiff owes the government against the $430,000 claimed by plaintiff to preclude any affirmative relief in favor of plaintiff.

Defendant is correct in its position concerning a right to offset the $430,000 settlement amount pending resolution of the validity of the claim of $475,000 which has been assessed against plaintiff. *Dale Ingram, Inc. v. United States,* 201 Ct.Cl. 56, 475 F.2d 1177 (1973). Accordingly, the question whether plaintiff is entitled to any monetary relief on its count two claim in this court depends upon the ultimate decision reached on the amount, if any, plaintiff owes the United States on the $475,000 claim now before the GSA Board of Contract Appeals.[3]

---

**2.** Under the ruling in the Court of Claims in *Skelly & Loy v. United States,* 231 Ct.Cl. ——, 685 F.2d 414 (1982), plaintiff retains a right to submit a correctly certified claim to the contracting officer and, upon receipt of a decision, either accept the result or elect to appeal to the GSA Board of Contract Appeals or initiate an action in the Claims Court.

**3.** Defendant correctly has not argued that plaintiff failed to exhaust any administrative remedies concerning its count two monetary claim which is limited to a plea for payment of the $430,000 settlement amount. *See Bird & Sons, Inc. v. United States,* 190 Ct.Cl. 426, 420 F.2d 1051 (1970). Of course, it is recognized that plaintiff's count one claim attacks the present validity of the $430,000 settlement agreement. However, as noted above, count one is presently beyond the court's jurisdiction to consider.

Accordingly, at this stage in the proceedings it is not possible to reach any conclusions concerning the merits of the various liability issues pleaded by the parties. As a procedural matter, plaintiff must first resolve whether to press a claim that the $430,000 settlement has been abrogated and it is now entitled to $1,250,000 in delay cost recovery. If so, this claim, correctly certified, must promptly be submitted to the contracting officer. Also, the matter of the amount, if any, the government is to recover on its $475,000 claim against plaintiff must be resolved. In this regard it must be determined whether proceedings on this government claim are to be conducted before the GSA Board of Contract Appeals or whether the appeal should be consolidated with any proceedings which will go forward in the instant action.[4]

## CONCLUSION

In the above circumstances it is ORDERED:

1. That judgment be entered dismissing the first count of plaintiff's petition filed January 13, 1982 (pars. 1–24) as beyond the jurisdiction of the United States Claims Court; ·

2. On or before December 17, 1982 counsel for plaintiff shall file a "Statement as to Further Proceedings" with the clerk of the court, noting whether plaintiff intends to pursue the claim dismissed in "1." and, if so, the date on which the claim will be submitted to the contracting officer;

3. In the event the "Statement" filed pursuant to "2." reports that the claim dismissed in "1." will not be pressed, then within 10 days after service of such statement counsel shall each file a further "Statement as to Further Proceedings" with the clerk, setting forth the result(s) desired with respect to consolidation of the pending appeal before the GSA Board of Contract Appeals and the instant action;

4. Except to the extent they are granted herein, defendant's motion filed August 13,

1982 and plaintiff's motion filed October 13, 1982, are denied.

---

4. Under section 160(a)(15) of the Federal Courts Improvement Act of 1982, 96 Stat. 25, 48, the consolidation jurisdiction previously assigned to the Court of Claims under 41 U.S.C. § 609(d) was reassigned to the United States Claims Court.