**The GRAD PARTNERSHIP, the Eggers Partnership, Welton Becket & Associates and Jaros, Baum & Bolles, Inc., a Joint Venture, also known as SSA/Metro West Architects and Engineers**

v.

**The UNITED STATES.**

No. 20–82C.

United States Claims Court.

Feb. 2, 1984.

Barry B. LePatner, New York City, for plaintiffs; Ronald B. Feingold, New York City, of counsel.

Beacham O. Brooker, Jr., Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## OPINION

MEROW, Judge:

This case had its genesis in a 1974 contract between the General Services Administration (GSA) and plaintiff for architectural and engineering services on a construction project for the Social Security Administration in Baltimore, Maryland. Before this court, plaintiff asserts a claim against GSA for delay costs it incurred on this project. In turn, GSA asserted a claim against plaintiff for design negligence on the project work, which claim plaintiff appealed to the General Services Administration Board of Contract Appeals (GSBCA) where that matter is now pending.

The relevant facts underlying the pending claims are set forth in a prior decision filed in this matter, 1 Cl.Ct. 616 (1982). That decision dismissed plaintiff's then pleaded delay cost claim for lack of Claims Court jurisdiction in the absence of a certification as required by the Contract Disputes Act (CDA), 41 U.S.C. § 605(c)(1).

Subsequent to the cited prior decision, plaintiff presented to the GSA contracting officer its delay cost claim in the amount of $1,888,126, certified under the provisions of the CDA. On May 5, 1983 the contracting officer denied plaintiff's delay cost claim on the basis that it was the subject of a prior negotiated $430,000 settlement.

On September 6, 1983 plaintiff filed an amended petition in this litigation setting forth two counts. As a first count plaintiff asserts its delay cost claim of $1,888,126. As a second count plaintiff sets forth an alternative claim for $430,000, asserted to be the amount of a settlement of its delay cost claim reached with GSA in January 1981 but unpaid thereafter.

In its answer filed September 16, 1983 defendant set forth an affirmative defense of accord and satisfaction which it now asserts in a motion for summary judgment. In turn, plaintiff seeks an order, under 41 U.S.C. § 609(d), consolidating in this Claims Court litigation its pending appeal before the GSBCA of the government's claim for design negligence damages. Defendant opposes plaintiff's consolidation request.

## DISCUSSION

The initial question to resolve is the validity of the accord and satisfaction defense defendant raises to plaintiff's $1,888,126 delay cost claim.

It is undisputed that in January 1981 a $430,000 settlement was reached on plaintiff's delay cost claim. The relevant facts have been set forth previously, 1 Cl.Ct. at 617–18, and will not be repeated here. Because the contracting officer then issued a decision holding plaintiff responsible for $475,000 in design negligence costs asserted to have been incurred by the government, the $430,000 settlement amount was not paid to plaintiff. Rather, GSA set off this $430,000 amount against the $475,000 claim against plaintiff.

Defendant asserts that the doctrine of accord and satisfaction bars plaintiff's claim for $1,888,126 in view of the $430,000 settlement and setoff action. However, lacking cash in hand of $430,000, plaintiff argues that there has been no satisfaction. To bar a claim there must exist both an accord and a satisfaction. *Chesapeake & Potomac Telephone Co. v. United States*, 228 Ct.Cl. 101, 654 F.2d 711 (1981). As ruled previously, 1 Cl.Ct. at 619, defendant has the right to offset the $430,000 owed to plaintiff pending resolution of the validity of the government's claim for $475,000 against plaintiff now pending at the GSBCA. To this extent defendant's defense of accord and satisfaction must be sustained to bar litigation of plaintiff's $1,888,126 claim. *Dale Ingram, Inc. v.*

*United States,* 201 Ct.Cl. 56, 475 F.2d 1177 (1973); *Project Map, Inc. v. United States,* 203 Ct.Cl. 52, 486 F.2d 1375 (1973); *Fraass Surgical Mfg. Co. v. United States,* 205 Ct.Cl. 585, 505 F.2d 707 (1974). Upon resolution of the validity of the government's claim for $475,000 plaintiff will either have obtained the $430,000 settlement amount in the form of a credit against any sums found to be due to the government or will receive the cash balance, plus any interest allowed by law, in the event the government's claim is sustained in any amount under $430,000.

The next question is which tribunal should proceed to resolve the merits of the government's $475,000 claim. Although plaintiff appealed the matter to the GSBCA it now seeks to have that appeal brought to the Claims Court by a consolidation order under 41 U.S.C. § 609(d). Defendant opposes such consolidation, asserting that the government's claim should be resolved by the GSBCA.

Given the conclusion that plaintiff's $1,888,126 claim cannot now be litigated in view of the admitted $430,000 settlement of the matter, there remains only plaintiff's count two claim for the $430,000 settlement amount pending in the Claims Court. Whether plaintiff could recover a Claims Court judgment for this amount, or any portion thereof, now depends upon resolving whether plaintiff is liable to the government for $475,000 or any portion thereof. To this end an order could be entered consolidating the appeal pending before the GSBCA with the instant litigation. However, it is concluded that this would not be the appropriate action to take.

Plaintiff elected to appeal to the GSBCA from the decision of the contracting officer that it owed $475,000 in damages even though it had previously filed suit in the Court of Claims on its claim against the government on the same contract. Having so elected to invoke GSBCA jurisdiction, that matter should be brought to the Claims Court only "for the convenience of parties or witnesses or in the interest of justice, * * *." 41 U.S.C. § 609(d). No such reason for consolidation in the Claims Court has been shown.

Rather, because the $430,000 claim remaining to be resolved in the Claims Court will be controlled by the resolution of the appeal pending before the GSBCA, it is concluded that no purpose would be served in having this matter remain suspended on the Claims Court docket pending conclusion of the board proceeding and any judicial review thereof. In the interests of justice this $430,000 count two claim in this matter should be consolidated with the pending appeal on the government's $475,000 claim. *E.D.S. Federal Corp. v. United States,* 1 Cl.Ct. 212 (1983).

### CONCLUSION

For the foregoing reasons a final judgment shall be entered dismissing plaintiff's count one delay cost claim and it is ORDERED:

(1) Plaintiff's count two claim for the $430,000 settlement amount shall be transferred to the GSBCA pursuant to 41 U.S.C. § 609(d) for consolidation with Docket No. 6631;

(2) Plaintiff's motion filed October 27, 1983 to consolidate and compel the pleading of a counterclaim, and defendant's motion to suspend such proceedings, are denied.